ELLENBOGEN, Marshal, v. MARTIN et al.

(Supreme Court, Appellate Term.  June 1, 1906.)

COURTS—MUNICIPAL COURTS—JUDGMENT—VACATION—GROUNDS.

> Under Municipal Court Act, Laws 1902, p. 1563, c. 580, § 254, permitting the trial justice to vacate a judgment rendered upon a trial to the court, the justice's action in so doing must be based upon some good ground, and he has no authority to vacate a judgment because of his belief that further evidence might be obtained.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Samuel K. Ellenbogen, as a marshal of the city of New York, against George W. Martin and others.  From an order vacating and setting aside a judgment for defendants, they appeal.  Reversed.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Clark & Taylor, for appellants.

Wentworth, Lowenstein & Stern, for respondent.

PER CURIAM.  The plaintiff, a marshal of the city of New York, brought this action against the defendants to recover $384.51 as damages for an alleged conversion of goods on which the plaintiff had levied as a marshal.  The learned trial justice rendered a judgment for the defendants, but thereafter, on plaintiff's motion, he vacated the judgment and ordered a new trial.  Section 254 of the Municipal Court act (Laws 1902, p. 1563, c. 580) permits the justice to vacate a judgment rendered upon a trial by the court without a jury; but his action must be based upon some good ground, such, for instance, as a clear failure of the evidence to warrant the judgment.  The evidence adduced upon this trial obviously necessitated the judgment rendered, and apparently the judgment was vacated because the learned trial justice believed that other evidence could be obtained which might establish the claim against the defendants.

Under the circumstances we think the judgment was vacated upon insufficient grounds, and that the order appealed from should be reversed, with costs.